IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ANISSA MALONE, §
 §
　　　　Plaintiff, §
 §
VS. § NO. 4:19-CV-618-A
 §
GENERAL MOTORS FINANCIAL §
COMPANY, INC., §
 §
　　　　Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the amended motion of defendants, General Motors Financial Company, Inc. ("GMFCI"), and AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GMF"), to dismiss. The court, having considered the motion, the response of plaintiff, Anissa Malone, the reply, the record, and applicable authorities, finds that the motion should be granted in part.

I.

### Plaintiff's Claims

On September 18, 2019, plaintiff filed her first amended complaint in this action. Doc.[1] 21. In it, she alleges:

GMF hired plaintiff in February 2016 as a financial analyst. Doc. 21 ¶ 6. She excelled in her position, receiving positive feedback. Id. On September 21, 2017, plaintiff dislocated the pinky finger on her dominant hand, slowing her ability to type

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

and complete her job duties. Id. ¶ 7. On December 7, she underwent a closed manipulation of her finger. Id. ¶ 8. In January 2018, plaintiff was approved for intermittent FMLA leave. Id. By March, plaintiff had no active motion in the finger and was scheduled to undergo surgery on March 21. Id. ¶ 9. Following her request for surgical leave, plaintiff's supervisor was condescending, frustrated, angry, and distant. Id. On March 9, plaintiff was informed of alleged performance deficiencies that had never been provided before. Id. ¶ 10. She was given a Notice of Corrective Action ("NOCA") giving her 60 days to improve her performance. Id. Plaintiff was out on FMLA leave from March 19 to May 4, 2018. Id. ¶ 12. On May 7, she received an amended level 2 NOCA for the same performance issues, but was given only 30 days to perform a different list of tasks. Id. Plaintiff asked for help due to her medical restrictions but received none. Id. ¶¶ 16-22. Plaintiff was approved for a leave of absence for a second surgery on June 25. Id. ¶ 24. Plaintiff was terminated one week before her scheduled surgery. Id. ¶¶ 25-26. On September 12, 2018, plaintiff filed an EEOC charge naming GMFCI as her employer. Id. ¶ 49. On information and belief, GMF became aware of the charge. Id. ¶ 50.

Plaintiff asserts claims against defendants under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), for

and complete her job duties. Id. ¶ 7. On December 7, she underwent a closed manipulation of her finger. Id. ¶ 8. In January 2018, plaintiff was approved for intermittent FMLA leave. Id. By March, plaintiff had no active motion in the finger and was scheduled to undergo surgery on March 21. Id. ¶ 9. Following her request for surgical leave, plaintiff's supervisor was condescending, frustrated, angry, and distant. Id. On March 9, plaintiff was informed of alleged performance deficiencies that had never been provided before. Id. ¶ 10. She was given a Notice of Corrective Action ("NOCA") giving her 60 days to improve her performance. Id. Plaintiff was out on FMLA leave from March 19 to May 4, 2018. Id. ¶ 12. On May 7, she received an amended level 2 NOCA for the same performance issues, but was given only 30 days to perform a different list of tasks. Id. Plaintiff asked for help due to her medical restrictions but received none. Id. ¶¶ 16-22. Plaintiff was approved for a leave of absence for a second surgery on June 25. Id. ¶ 24. Plaintiff was terminated one week before her scheduled surgery. Id. ¶¶ 25-26. On September 12, 2018, plaintiff filed an EEOC charge naming GMFCI as her employer. Id. ¶ 49. On information and belief, GMF became aware of the charge. Id. ¶ 50.

Plaintiff asserts claims against defendants under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), for

interference and retaliation, and under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), for discrimination and retaliation.

II.

Grounds of the Motion

Defendants allege that plaintiff has failed to exhaust her administrative remedies against GMF as to her ADA claims. They further allege that she has failed to plead facts sufficient to state plausible claims against GMFCI under the FMLA and ADA. Doc. 22.

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause

of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the

requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk

Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

Generally, a party not named in an EEOC charge may not be sued. Way v. Mueller Brass Co., 840 F.2d 303, 307 (5th Cir. 1988). However, an exception exists if the unnamed entity and the entity named in the charge share an identity of interests. EEOC v. Simbaki, Ltd., 767 F.3d 475, 481 (5th Cir. 2014).[2] Another exception exists when the unnamed entity receives actual notice of the charge and has an opportunity to participate in the conciliation. Id., 767 F.3d at 484. Here, plaintiff pleaded that GMF had actual notice of the EEOC charge such that it could have participated in the EEOC conciliation process.[3] If they believe the facts are otherwise, defendants can present their proof on motion for summary judgment.

As for liability under the ADA and FMLA, plaintiff must show that each defendant she sues was her employer. Coleman v. FFE

---

[2] Under the "identity of interests" test, the court considers (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of the named party are so similar to the unnamed party's interests that it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether the absence of the unnamed party resulted in actual prejudice to said party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. EEOC v. Simbaki, Ltd., 767 F.3d 475, 482-83 (5th Cir. 2014).

[3] Plaintiff has not pleaded facts sufficient to support the identity of interests exception.

Tranp. Servs., Inc., No. 3:12-CV-1697-B, 2013 WL 1914932, at *5 (N.D. Tex. May 9, 2013). Superficially distinct entities may be exposed to liability if they represent a single, integrated enterprise. Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983). Plaintiff admits that under this test, she must establish (1) an interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Doc. 27 at 21 (citing Garcia v. Elf Atochem N. Am., 28 F.3d 446, 450 (5th Cir. 1994), abrogated on other grounds, Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998)). And, the key question is "what entity made the final decisions regarding employment matters relating to [plaintiff]?" Doc. 27 at 22 (quoting Schweitzer v. Advanced Telemarketing Corp., 104 F.3d 761, 764 (5th Cir. 1997)(citing Trevino, 701 F.2d at 404)).

In the Fifth Circuit, there is a strong presumption that a parent corporation is not the employer of its subsidiary's employees. Lusk v. Foxmeyer Health Corp., 129 F.3d 773, 777 n. 3 & 778 (5th Cir. 1997).

> Only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary-domination similar to that which justifies piercing the corporate veil-is sufficient to rebut this presumption and to permit an inference that the parent corporation was a final decision-maker in its subsidiary's employment decisions.

7

<u>Id.</u> at 778. Common management and ownership are not enough. <u>Id.</u> Rather, the court considers whether the alleged employer had the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. <u>Burton v. Freescale Semiconductor, Inc.</u>, 798 F.3d. 222, 227 (5th Cir. 2015).

In this case, plaintiff admits that she sued GMFCI "in an abundance of caution," Doc. 31 at 81, as it was "unclear as to whether the decision makers . . . were employed by GMF or GMFCI." Doc. 27 at 22. She pleaded that GMF hired her, Doc. 21 ¶ 6, and that GMF filed an assumed name certificate with the Texas Secretary of State for GM Financial. <u>Id.</u> ¶ 37. Her earnings statements reflect that she was paid by GMF. Doc. 30 at 11. The NOCAs she received reflected that they were issued by GMF and that she worked at its Arlington Operations Center I ("AOC I"). <u>Id.</u> at 21-22. Publicly available information shows that GMF makes its own SEC filings. <u>Id.</u> at 61-62. And, the LinkedIn pages for the persons plaintiff identifies in her amended complaint and to which she refers reflect that those persons are employed by GMF. <u>Id.</u> at 36-54. That one could click further to obtain information about GMFCI does not show that it is the real employer.[4]

---

[4]The court is not aware of any authority to support such a proposition and plaintiff has cited none.

As in the cases cited by defendants, plaintiff has alleged only a mix of legal conclusions, threadbare factual assertions, and some factual content to support the allegation that GMFCI was her employer. See <u>Neely v. General Motors, LLC</u>, No. 4:16-CV-356-O, ECF Doc. 17 (N.D. Tex. Oct. 21, 2016); <u>Aquiniga v. Delgado</u>, No. 3:15-CV-562-DPJ-FKB, 2016 WL 3620728 (S.D. Miss. June 28, 2016). As in those cases, plaintiff's allegations are insufficient to state a plausible claim against GMFCI.

V.

Order

The court ORDERS that defendants' amended motion to dismiss be, and is hereby, granted in part and plaintiff's claims against GMFCI be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of such claims.

SIGNED November 19, 2019.

_____
JOHN McBRYDE
United States District Judge